UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DANIEL J. SOGN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:18-mc-43 |
| | ) | |
| v. | ) | Pending in United States District Court |
| | ) | Western District of Washington |
| ALASKA USA FEDERAL CREDIT | ) | Seattle Division |
| UNION, and CAR SERVICE L.L.C. | ) | Case No. 2:17-CV-0432 MJP |
| | ) | |
| Defendants. | ) | |

**NON-PARTY PAR, INC.'S MOTION TO QUASH**

PAR, Inc. respectfully moves pursuant to Rule 45 of the Federal Rules of Civil Procedure to quash a Notice of Deposition, Request for Production of Documents and Subpoena to Testify and produce records at a deposition directed to PAR, Inc., a non-party, by Daniel Sogn ("Mr. Sogn") in a matter pending before the United States District Court for the Western District of Washington—Seattle Division.  In summary, Mr. Sogn has not provided PAR, Inc. with a reasonable time to respond to his non-party discovery requests and grounds exist to protect PAR, Inc. from being subject to Mr. Sogn's tardy, overly broad, irrelevant and burdensome discovery demands.  In support of this Motion, PAR, Inc. states:

### I. BACKGROUND, GROUNDS TO QUASH AND INFORMAL EFFORTS TO RESOLVE THIS DISCOVERY ISSUE

On March 19, 2017, Mr. Sogn initiated the following lawsuit:  *Daniel J. Sogn v. Alaska USA Federal Credit Union, and CAR Service L.L.C.*; Case No. 2:17-cv-0432-MJP, pending in the United States District Court for the Western District of Washington—Seattle Division

("Washington Action").  A copy of the Complaint is attached as **Exhibit A**.  PAR, Inc. is not a party in Case No. 2:17-cv-0432-MJP.  *Id.*

Mr. Sogn's Complaint purports to bring various alleged claims based on the premise that Defendant, Careful Asset Recovery Service, Incorporated ("CARS"), breached the peace when it repossessed Mr. Sogn's vehicle.  It is further alleged that Defendant, Alaska USA Federal Credit Union breached its contract with Mr. Sogn.  There is absolutely no allegation of PAR, Inc.'s involvement in the Complaint.  Indeed, all of the alleged violations of the law are based on "the CARS repo man".

Nearing the discovery cut-off in the Washington Action (June 30, 3018), on or about June 14, 2018, Sogn's counsel served a Notice of Deposition, Document Request and Subpoena ("Discovery Requests") to PAR, Inc., a non-party.  The deposition is noticed for June 29, 2018 at 10:00 AM (EST) in Indianapolis, IN, as PAR, Inc. is an Indiana company.  The subpoena requested that PAR, Inc. designate an individual to be prepared to testify as to eleven (11) topic areas and the document request sought production of ten (10) broad categories of documents to be produced at the deposition.  A copy of the Discovery Requests are attached as **Exhibit B**.  Mr. Sogn did not reach out to PAR, Inc. or its counsel prior to serving the subpoena to arrange a suitable time for the deposition.

Mr. Sogn has failed to give PAR, Inc. reasonable and sufficient time to locate, designate and prepare non-party witness(es) for the deposition by June 29, 2018.  In addition to not having an available corporate witness and insufficient time to prepare documents responsive to the subpoena, counsel for PAR, Inc., who was recently retained, informed Mr. Sogn's lawyer that he is unavailable on June 29, 2018 as well.  PAR, Inc. has also objected to the production of documents commanded by the subpoena on several grounds.  Pursuant to Federal Rule of Civil

Procedure 45(d)(2)(B), undersigned counsel previously provided counsel for Mr. Sogn with written notice of these objections. A copy of the objection letter is attached as **Exhibit C**.

Mr. Sogn had over a year to conduct discovery and seek documents from PAR, Inc. in the Washington Action. Most recently, when the parties obviously considered the remaining discovery that needed to be done, in April 2018 they sought and received an extension to June 30, 2018 affording Mr. Sogn over two more months to conduct discovery. A copy of the Stipulation is attached as **Exhibit D**. Yet, Mr. Sogn waited until 16 or less days before the extended-discovery deadline to serve PAR, Inc. with the Discovery Requests. Accordingly, it appears that Mr. Sogn's lack of preparation has now caused a burden for PAR, Inc. to react to his belated discovery requests and is imposing a hardship on PAR, Inc. to act on an expedited basis, and to defend its rightful position not to be burdened as a non-party, having to incur attorney's fees to protect this position by letter, communications and now a filing with this Court.

In an effort to informally resolve this discovery issue, under the guidelines of S.D. Ind. L.R. 37-1, PAR, Inc.'s counsel has initiated and undertaken considerable efforts to resolve the immediate issue of timing and scheduling of the requested discovery to no avail.

Shortly after being retained, on June 26, 2018, counsel for PAR, Inc. reached out to Mr. Sogn's counsel to discuss the issues listed above via telephone and attempted to select an alternative date for the deposition, but counsel for Mr. Sogn insists on PAR, Inc. filing a protective order with the Court to move the deposition date from June 29, 2018. Furthermore, Mr. Sogn insists he cannot move the date for deposition beyond July 16, 2018, despite his counsel being informed that PAR, Inc. and/or its anticipated designee and undersigned counsel are not available before July 20, 2018. Mr. Sogn's insistence is presumably based on him waiting until near the end

of the discovery deadline to serve non-party discovery and because he has a response to a summary judgment motion due soon.

On June 27, 2018, undersigned counsel sent counsel for Mr. Sogn a letter that memorialized their previous telephone conversation and reiterated that PAR, Inc. will not be able to identify and prepare a corporate witness and gather the requested documents before July 20, 2018.  A copy of the letter is attached as **Exhibit E**.   In the letter, undersigned counsel respectfully requested that PAR, Inc. be released from the subpoena to testify with the understanding that PAR, Inc. will cooperate to reschedule the deposition at a time after July 20, 2018.  *See* **Ex. E**.  Counsel for Mr. Sogn has indicated that he is unwilling to work with counsel for PAR, Inc. to find a mutually beneficial time for the deposition, and release PAR, Inc. from the June 29, 2018 date.  A copy of his reply letter is attached as **Exhibit F**.   In his reply letter, Mr. Sogn's counsel states that "PAR, Inc. will have to move for a protective order if it wishes to reschedule the deposition."  *See*, **Ex. F**. After receiving Mr. Sogn's counsel's reply, undersigned counsel attempted to reach him by telephone on June 27, 2018 to take another run at informal resolution and left two voicemail messages that have gone unanswered up to the point of this filing.

## II.    ARGUMENT

The Discovery Requests and subpoena served on PAR, Inc. should be quashed because Mr. Sogn failed to allow reasonable time to comply and compliance would create an undue burden on a non-party.  Under Federal Rule of Civil Procedure 45, upon timely motion, the court for the district where compliance is required must quash or modify a subpoena that:  fails to allow a reasonable time to comply . . . or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(i and iv).

To begin with, Mr. Sogn's subpoena is not in compliance with Rule 45. Mr. Sogn's subpoena purporting to require the attendance of PAR, Inc. at a deposition on June 29, 2018 was not served with the witness fee and mileage reimbursement required under Rule 45(b)(1). As such, Mr. Sogn failed to serve validly issued subpoena in the first place and this serves as grounds for quashing the purported subpoena.

A party issuing a subpoena has the burden to ensure that the subpoena does not impose undue burden or expense, and that is especially so where the subpoena is issued to a non-party. *Tresona Multimedia, LLC v. Legg*, 2015 WL 4911093, at *2–3 (N.D. Ill. Aug. 17, 2015). When determining if a burden is undue, the court must ask whether "the burden of compliance with [the subpoena] would exceed the benefit of production of the material sought by it". *Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004). Non-party status "is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue." *Parker v. Four Seasons Hotels*, Ltd., 291 F.R.D. 181, 188 (N.D. Ill. 2013) (citing *Robinson v. Morgan Stanley*, 2010 WL 1005736 at *2–3 (N.D.Ill. Mar. 17, 2010)). Because of the different expectations for non-parties in accepting the burdens of litigation, "courts give special weight to the unwanted burdens thrust upon non-parties when balancing competing needs." *Id*. In doing so, courts consider various factors, including "the person's status as a non-party, the relevance of the discovery sought, the subpoenaing party's need for the documents, the breadth of the request and the burden imposed on the subpoenaed party." *Id*. (citations omitted). The party seeking to quash a subpoena bears the burden of establishing Rule 45(d)(3)(iv)'s requirements. *See*, *Pacific Century Int'l, Ltd. v. Does 1–27*, 282 F.R.D. 189, 193 (N.D. Ill. 2012).

A district court may also quash or modify a subpoena if it seeks discovery that is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more

convenient, less burdensome, or less expensive; [or] the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought." *Davis v. Carmel Clay Sch.*, 282 F.R.D. 201, 210 (S.D. Ind.), *on reconsideration in part,* 286 F.R.D. 411 (S.D. Ind. 2012); Fed. R. Civ. Proc. 26(b)(2). Motions to quash are within the sound discretion of the district court. *See Griffin v. Foley,* 542 F.3d 209, 223 (7th Cir. 2008); *see also Wollenburg v. Comtech Mfg. Co.,* 201 F.3d 973, 977 (7th Cir. 2000) (*citing U.S. v. Ashman,* 979 F.2d 469, 495 (7th Cir. 1992)).

Non-party status is a significant factor to be considered when determining whether the burden imposed by a subpoena is undue. *Id.* (citing *Morrow v. Air Ride Technologies, Inc.,* 2006 WL 559288 at *1 (S.D. Ind. March 6, 2006). This factor is not absolute, and a court may weigh a number of factors to determine whether a subpoena is unduly burdensome, including "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are requested, and the burden imposed." *Id.* (quoting *The Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.,* 211 F.R.D. 658, 662–63 (D.Kan.2003) (internal quotations omitted).

Here, Mr. Sogn gave PAR, Inc. a mere fifteen (15) days' notice of the deposition and command for documents. Even less days existed once the matter reached PAR, Inc.'s undersigned counsel. Regardless, a little more than two weeks' notice, and even less for counsel, is not reasonable and does not afford sufficient time for a non-party to identify and then prepare a corporate witness for a deposition. Nor is it sufficient time to attempt to narrowly tailor the records sought to relevant matters, and then, secondly to gather and prepare the volume of documents responsive to the subpoena thereafter.

PAR, Inc. respectfully requests the Court to quash the Discovery Requests because they do not afford a reasonable period of time to prepare a response and the posture, timing, overbreadth and irrelevancy of the requests imposes an undue burden and expense on Par, Inc. Under Rule 45(d)(1), Mr. Sogn and his attorney "must take reasonable steps to avoid imposing undue burden or expense on [Par, Inc.]". The have failed to do so, and Par, Inc. seeks an order to quash the Discovery Requests, in accord.

### III. CONCLUSION

Mr. Sogn and his counsel failed to provide PAR, Inc. with reasonable notice to prepare for a non-party deposition and locate, review, and prepare a significant amount of categories, covering over ten broad areas, of documents for production. Mr. Sogn's counsel is unwilling to work with PAR, Inc. and its recently retained counsel to find a date for the deposition that is mutually agreeable because Mr. Sogn is up against tight discovery and summary judgment deadlines. Mr. Sogn and his attorney had total control over whom they wished to depose, when, and what written discovery they seek to support Mr. Sogn's lawsuit. Yet, they waited until seventeen days before the close of discovery to decide to depose someone from PAR, Inc. and demand significant written discovery. Such tardiness and the attendant consequences are their own making and PAR., Inc, a non-party, should not have to bear the expense and burden of expedited discovery due to Mr. Sogn's lack of planning and diligence.

WHEREFORE, PAR, Inc., respectfully moves the Court to quash Mr. Sogn's subpoena for testimony at a deposition on June 29, 2018, and protect it from the command for documents, and for all other appropriate relief.

Respectfully submitted,

*/s/ Kristopher N. Kazmierczak*
Kristopher N. Kazmierczak, No. 19430-49
KATZ KORIN CUNNINGHAM PC
334 North Senate Avenue
Indianapolis, Indiana 46204
Telephone: 317-464-1100 Facsimile: 317-464-1111
Email: kkaz@kkclegal.com

*Attorney for Non-Party PAR, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of June, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties via electronically and by first class United States mail:

| | |
|---|---|
| Alexander B. Trueblood | Karleen J. Scharer |
| Trueblood Law Firm | Stephen G. Skinner |
| 1700 Seventh Avenue, Suite 2100 | Andrews Skinner |
| Seattle, WA  98101-1360 | 645 Elliott Avenue W, Suite 350 |
| alec@hush.com | Seattle, WA  98119-3911 |
| | karleen.scharer@andrews-skinner.com |
| | stephen.skinner@andrews-skinner.com |

*/s/ Kristopher N. Kazmierczak*
Kristopher N. Kazmierczak

KATZ KORIN CUNNINGHAM PC
334 North Senate Avenue
Indianapolis, Indiana 46204
Telephone: 317-464-1100
Facsimile: 317-464-1111
Email: kkaz@kkclegal.com