ALEXANDER B. TRUEBLOOD (WA Bar No. 50612)
TRUEBLOOD LAW FIRM
1700 Seventh Ave, Suite 2100
Seattle, Washington 98101-1360
Telephone: (206) 707-9685
Facsimile: (206) 832-4676

Attorneys for Plaintiff
DANIEL SOGN

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON – SEATTLE DIVISION

| | |
|---|---|
| DANIEL J. SOGN,<br><br>Plaintiff,<br><br>vs.<br><br>ALASKA USA FEDERAL CREDIT UNION, and CAREFUL ASSET RECOVERY SERVICE, INCORPORATED,<br><br>Defendants. | Case No: 2:17-CV-0432<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(2) VIOLATIONS OF THE UNIFORM COMMERCIAL CODE**<br><br>**(3) VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT**<br><br>**(4) BREACH OF CONTRACT** |

EXHIBIT A

COMPLAINT 2:17-CV-0432      Trueblood Law Firm, 1700 7th Ave., Suite 2100, Seattle, WA 98101; (206) 707-9685

1       Plaintiff Daniel J. Sogn hereby complains against defendants Alaska USA
2 Federal Credit Union ("Alaska USA") and Careful Asset Recovery Service,
3 Incorporated ("CARS"), and alleges on information and belief as follows:

## OPERATIVE FACTS

5     1.     On or about July 23, 2013, plaintiff entered into a loan agreement with
6 defendant Alaska USA to finance the purchase of a vehicle, which plaintiff
7 intended to use primarily for personal, family or household purposes. Defendant
8 Alaska USA took a security interest in the vehicle. Plaintiff subsequently fell
9 behind on the contract payments.

10     2.     Alaska USA hired defendant CARS to repossess plaintiff's vehicle.
11 Defendant CARS breached the peace during the repossession, in violation of the
12 Uniform Commercial Code, RCW § 62A.9A-609(b)(2).

13     3.     On or about January 20, 2017 at approximately 2:30 a.m., CARS sent
14 two repo men to plaintiff's residence in Seattle, Washington, without any advance
15 notice to plaintiff. One of the repo men entered through two closed gates and came
16 up to plaintiff's front door. The repo man tried to open plaintiff's locked front door
17 and enter unlawfully into plaintiff's home, but was not successful.

18     4.     Plaintiff, startled from sleep, opened the front door, and the repo man
19 demanded the keys to plaintiff's vehicle without first identifying himself or his
20 company. Plaintiff refused. At that point, defendants were required by the UCC to
21 leave and seek their legal remedies, instead of resorting to self-help repossession.
22 Defendants did not leave. The repo man stated that the vehicle was already on his
23 tow truck, which was false. Plaintiff shut the door.

24     5.     The CARS repo man then came to plaintiff's door again. He stated
25 falsely "Look it's on my tow-truck, I'm taking the car!" He falsely stated that a
26 new state law required CARS to inventory any personal items found in the vehicle,
27 and that plaintiff would have to pay for it. Plaintiff again emphatically refused to
28 relinquish his car keys and told CARS to leave. Again, CARS did not leave.

1

6. Plaintiff noticed that the CARS repo man was now in his back yard, which he had entered through a closed gate. Plaintiff went outside and asked for documentation that this was a lawful repossession. CARS' repo man did not produce any. He demanded plaintiff's keys again, saying that he would allow plaintiff to get his personal items from the car "as a courtesy" if plaintiff complied. Plaintiff refused, and moved to enter his vehicle to take out his personal possessions. The CARS repo man then threatened that if plaintiff did not stop trying to enter his vehicle, he could and would use physical force to stop plaintiff. The repo man then broke into plaintiff's vehicle using tools, and set off an alarm which disturbed the peace.

7. The CARS repo man again demanded plaintiff's keys. Plaintiff again refused. The repo man yelled to his partner to "call the police and get them out here," and to tell "Officer Johnson" that "this guy is ex-military and is armed." Plaintiff was not armed. Plaintiff left the back yard and went back into his house. As he did so, the repo man falsely told plaintiff that the police were on their way.

8. Eventually, plaintiff decided to relinquish the vehicle to CARS. CARS left the scene with plaintiff's vehicle.

**JURISDICTION AND VENUE**

9. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the Western District of Washington because a substantial part of the events or omissions giving rise to the claim occurred in Seattle, Washington, and defendants are subject to the court's personal jurisdiction in this district.

**PARTIES**

11. Plaintiff Daniel J. Sogn is a natural person over the age of 18 years and is a resident of Seattle, Washington, in King county.

2

12. Defendant Careful Asset Recovery Service, Incorporated is a Washington corporation, with its headquarters in Bothell, Washington, in Snohomish county.

13. Defendant Alaska USA Federal Credit Union is a federal credit union with its headquarters in Anchorage, Alaska, and doing business in Washington state and King county.

14. At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. The defendants are jointly and severally liable to plaintiff.

## FIRST CAUSE OF ACTION
**(Against Defendant CARS for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.).**

15. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

16. Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

17. Defendants violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

18. Defendants had no present right to repossess plaintiff's vehicle in breach of the peace, but did so in violation of RCW § 62A.9A-609(b)(2).

19. Plaintiff is entitled to actual damages sustained as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

3

20. Plaintiff is entitled to statutory damages of $1,000 against each defendant, pursuant to 15 U.S.C. § 1692k. Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally. The nature of defendants' violations justifies the maximum statutory damages award available.

21. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

### SECOND CAUSE OF ACTION
### (Against Defendant Alaska USA for Violations of the Uniform Commercial Code, RCW §§ 62A.9A-609 and 62A.9A-625)

22. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

23. Defendants violated RCW §§ 62A.9A-609(b)(2) by repossessing plaintiff's vehicle in breach of the peace.

24. Plaintiff is entitled to recover the actual damages caused by defendants' failure to comply with the Uniform Commercial Code, pursuant to RCW 62A.9A-625(b) and (c)(1).

25. Plaintiff is entitled to recover the credit service charge plus ten percent of the principal amount of the obligation, pursuant to RCW 62A.9A-625(c)(2).

26. Plaintiff is entitled to recover attorneys fees and costs pursuant to the terms of the retail installment sales contract, and applicable law.

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
### (Against All Defendants For Violations Of The Washington Consumer Protection Act, RCW § 19.86.910 et seq)

27. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

28. Defendants committed unfair methods of competition and/or unfair or

deceptive acts or practices, in the conduct of any trade or commerce, and therefore violated RCW § 19.86.020.

29. Defendants' acts were injurious to the public interest within the meaning of RCW 19.86.093.

30. Plaintiff was injured in his business or property by defendants' violations of RCW 19.86.020, and is therefore entitled to injunctive relief, actual damages, and attorneys fees and costs, pursuant to RCW § 19.86.090.

31. In addition to actual damages, plaintiff is entitled to treble damages not exceeding $25,000, pursuant to RCW § 19.86.090.

32. Plaintiff is entitled to a civil penalty of $2,000 for each of defendants' violations of RCW § 19.86.020, pursuant to RCW § 19.86.140.

WHEREFORE, plaintiff prays for relief as set forth below.

## FOURTH CAUSE OF ACTION
### (Against Defendant Alaska USA for Breach of Contract)

33. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

34. In its written contract with plaintiff, defendant Alaska USA promised that: "You agree that the credit union can take possession of the collateral without judicial process and without giving you advance notice provided it can do so without a breach of the peace."

35. Defendant breached this promise when it breached the peace while repossessing plaintiff's vehicle.

36. As a proximate result of defendant's breach of contract, plaintiff has suffered damages.

37. Plaintiff is entitled to recover attorneys fees and costs pursuant to the terms of the loan contract, and applicable law including but not limited to RCW § 4.84.330.

WHEREFORE, plaintiff prays for relief as set forth below.

5

# PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;
2. For statutory damages;
3. For civil penalties;
4. For treble damages;
5. For pre-judgment interest to the extent permitted by law;
6. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
7. For such other and further relief as the Court may deem just and proper.

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States and Washington constitutions.

Dated: March 19, 2017

Respectfully Submitted,

TRUEBLOOD LAW FIRM

By: /s/
Alexander B. Trueblood

Attorneys for Plaintiff
DANIEL SOGN