UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL J. SOGN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-mc-00043-JMS-DML ) |
| ALASKA USA FEDERAL CREDIT UNION, *et al.*, | ) ) ) |
| Defendants. | ) ) |
| PAR, INC., | ) ) ) |
| Interested Party. | ) |

## Order on Motion to Quash Subpoena

This matter is before the court on a motion (Dkt. 1) by non-party PAR, Inc. to quash a deposition subpoena *duces tecum* issued to it to obtain discovery for use in litigation pending in the United States District Court for the Western District of Washington styled *Sogn v. Alaska USA Federal Credit Union et al.,* Case No. 2:17-cv-0432-MJP. The court initially was advised that the parties were working to resolve their differences about the subpoena, but they ultimately were not able to reach agreement. The court therefore decides the motion to quash.

PAR, Inc. raises four challenges to the subpoena. It contends that the subpoena must be quashed because (1) plaintiff Sogn did not tender appropriate witness and mileage fees; (2) discovery is closed in the underlying litigation; (3) the subpoena did not allow a reasonable time for response; and (4) the subpoena

unfairly burdens a non-party and seeks information that is not proportional discovery. The court rejects the first three arguments. First, plaintiff Sogn has shown that he remedied his failure(s) to tender the correct witness and mileage fees. Second, PAR, Inc., as a non-party, is not burdened by the passing of discovery deadlines in the underlying litigation and, according to Sogn, he served the subpoena before the discovery cut-off and did so nearly immediately after learning of legal positions taken in the litigation that made discovery from PAR, Inc. particularly important. Third, Mr. Sogn is willing to work with PAR, Inc. on a reasonable time for response to his subpoena and the scheduling of a deposition. The salient issue for the court to decide is therefore whether the subpoena unfairly burdens PAR, Inc. and seeks information that is not proportional discovery. To address that issue, the court first outlines the nature of the underlying litigation and the nature of PAR, Inc.'s role in the events that are the subject of that case.

The underlying litigation concerns the repossession of an automobile owned by plaintiff Daniel J. Sogn after he allegedly defaulted on a loan, secured by the car, made to him by defendant Alaska USA Federal Credit Union. The other defendants in the underlying litigation, Car Service, L.L.C. and its employee, Jeremie Kaufman, are alleged to have physically repossessed the car and, Mr. Sogn asserts, did so through a breach of the peace in violation of applicable law, including the Fair Debt Collection Practices Act. Non-party PAR, Inc. is alleged to have played roles in connection with the repossession and an investigation of Mr. Sogn's

complaint about the repossession, which ultimately led to Car Service terminating defendant Kaufman's employment.

According to Mr. Sogn, defendant Kaufman, clad in black clothes and not wearing any uniform, knocked on his door at 2:30 a.m., refused (unlawfully) to leave after Mr. Sogn objected to repossession, threatened to physically harm Mr. Sogn and to make a false report to the police, and then broke into the car. Mr. Sogn learned in discovery that Alaska USA credit union had a contract with non-party PAR, Inc. to effect repossessions and it was PAR, Inc. which, in turn, contracted with Car Service to effect the repossession undertaken by defendant Kaufman. After Mr. Sogn complained to Alaska USA credit union about the repossession, PAR conducted an investigation and, based on its results, Car Service fired Mr. Kaufman.

One of the defenses raised by Alaska USA credit union, and which is currently the subject of a summary judgment motion, is that it cannot be held responsible for Car Service's actions (through its employee) in effecting the repossession because both PAR, Inc. and Car Service acted as independent contractors. Mr. Sogn seeks through his deposition subpoena *duces tecum* to obtain documents and testimony to flesh out (1) the events that occurred during the repossession and what was learned, and from whom, during PAR's investigation, (2) the nature of the business relationship between Alaska USA credit union and PAR and Alaska's degree of control over PAR, and (3) the nature of the business

3

relationship between PAR and Car Service and PAR's degree of control over Car Service.

The court agrees with Mr. Sogn that he has demonstrated that these areas of inquiry are relevant to the issues in his lawsuit.  The question for the court is whether his subpoena seeks information about these areas of inquiry from PAR that is proportional discovery that does not unduly burden a non-party.  The court finds that it is.  The discovery is appropriately focused on the subject business relationships, the repossession itself, PAR's investigation, and the results of that investigation.  The subpoena seeks documents possessed by PAR, Inc. that relate to the repossession at issue, including the contract(s) between Alaska USA and PAR and between PAR and Car Service under which the repossession occurred and was set in motion and seeks all of the information that one might expect would be in a company's "file"[1] (paper and electronic) for a repossession about which a complaint was made and it conducted an investigation.  Mr. Sogn has also shown that he reasonably needs to take a deposition of a PAR representative so that he can understand the nature of the business relationships at issue, the nature and contents of the documents that are produced, and so that he can obtain testimony for the purposes of establishing foundations to admissibility of the documents in the underlying litigation.

---

[1]  The court is not suggesting that there necessarily exists a simple paper "file." Its reference to "file" is intended to encompass the documents—whether in paper or electronic format and whether located in a paper file or in emails or other electronic sources—that were created, received, or sent by PAR, Inc. with respect to the repossession of this single car and the aftermath of that repossession.

The court does find, however, that certain of Mr. Sogn's document demands must be limited to ensure that they do not impose undue burden. His requests for "any written contracts" between PAR and the other companies (Requests 1-3) is limited to those in effect at the time of the subject repossession. His request for *all* documents "which reflect" PAR's criteria for repossession agencies to join or remain in PAR's network of agencies (Request 7) and for *all* documents "which reflect" PAR's rules, standards, or guidelines for repossession activities (Request 8) are too broad. PAR need not produce *all* documents that bear on these subjects or any that were not in effect at the time of the subject repossession. PAR is required to produce those documents that provide a fair description of the criteria PAR used to allow the companies to join or remain in its network and of its rules, standards, and guidelines for repossessions. It seems likely that formal policies, or contractual terms, exist on these subjects. With these modifications, the court finds that the subpoena seeks reasonable and proportional discovery.

One final note. The court is not persuaded by PAR's argument in its reply brief that all discovery sought of it by Mr. Sogn should await more developments in the underlying litigation, and its proper scope should then be decided by the District Court in Washington. Mr. Sogn's discovery requests are fairly targeted and PAR has not persuaded the court that they are unduly burdensome. It's better to get the discovery accomplished now than to bet on the possibility it all may not be needed later.

## Conclusion

For the foregoing reasons, the court DENIES PAR, Inc.'s motion (Dkt. 1) to quash, although it modifies document requests 1, 2, 3, 7, and 8, as described above. PAR must produce the requested documents within fourteen days, and the parties must work cooperatively to schedule the Rule 30(b)(6) deposition within the next 28 days.

So ORDERED.

Dated: August 10, 2018

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system